**Xue Bing ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4791–AG.**

United States Court of Appeals, Second Circuit.

Jan. 25, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

82

Michael Brown, New York, New York, for Petitioner.

Terri J. Abernathy, Assistant United States Attorney (David C. Iglesias, United States Attorney for the District of New Mexico, on the brief), Las Cruces, New Mexico, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xue Bing Zhang, through counsel, petitions for review of the BIA's denial of her motion to reopen her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.; Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

According to 8 C.F.R. § 1003.2(c)(2), a party may file only one motion to reopen, which must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *Id.* Here, the BIA entered its final order in Zhang's asylum case in March 2003, and she timely filed a motion to reopen in April 2003. The BIA denied that motion and Zhang filed a second motion to reopen in August 2003. The BIA denied that motion in November 2003. Zhang filed her third motion to reopen in April 2004. That motion was denied by the BIA in August 2004 and is the subject of the instant petition for review.

■ An exception to the time and numerical limitations is available to a party under 8 C.F.R. § 1003.2(c)(3) if she can show changed circumstances in the designated country of deportation. Here, the BIA did not abuse its discretion by holding that Zhang's U.S. born children do not constitute a changed circumstance in China. *See Guan v. BIA*, 345 F.3d 47 (2d Cir.2003) (holding that changed personal circumstances in the United States do not fit within this exception). The BIA also did not abuse its discretion in finding that Aird's affidavit was available to Zhang at the time of her asylum hearing, where, as the government points out, Aird has studied and criticized China's population control policies for over 20 years, and has provided affidavits in more than 200 asylum cases since 1993. Finally, because coercive family planning was the basis of

her claim, it was not an abuse of discretion for the BIA to require that Zhang show how the family planning policy had changed in a way that made her eligible for relief.

For the foregoing reasons, Zhang's petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED.