# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3048

_____

Wen Ying Zheng,                       *

                       Petitioner,        *

          v.                      *    Petition for Review of an Order
                                          *    of the Board of Immigration Appeals.

Michael B. Mukasey, Attorney     *
General of the United States,       *

                Respondent.     *

_____

Submitted: June 11, 2007
Filed: December 4, 2007

_____

Before LOKEN, Chief Judge, ARNOLD and COLLOTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Wen Ying Zheng, a native and citizen of the People's Republic of China, entered the United States in 1994. Facing deportation in September 1997, Zheng applied for asylum, withholding of deportation, and relief under the Convention Against Torture, claiming a fear of persecution if she returned to China on account of her past political activities. After the birth of a child in 1998, Zheng claimed that she also feared persecution and forced sterilization under China's One Child policy. See 8 U.S.C. § 1101(a)(42). In June 2003, an immigration judge denied Zheng's claims for relief, granted her voluntary departure, and ordered her removed. Zheng appealed,

the BIA summarily affirmed, and Zheng dismissed a petition for review to this court in November 2004.

In September 2005, Zheng filed a motion with the BIA for leave to file a successive asylum application. Relying on 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 1208.4(a)(4), she claimed that the application was not barred because the birth of her fourth child created an increased risk of persecution under China's One Child policy. The BIA denied the motion, holding that an alien who is under a final order of removal must successfully move to reopen the case in order to file a successive asylum application. The BIA then treated Zheng's motion as a motion to reopen and denied it as untimely because Zheng submitted no evidence of changed country conditions. See 8 U.S.C. § 1229a(c)(7)(C)(i-ii); 8 C.F.R. § 1003.2(c)(3)(ii). Zheng petitions for judicial review, arguing that the BIA committed an error of law in ruling that her successive asylum application must meet the more stringent requirements of a motion to reopen. After the case was submitted, two of our sister circuits issued decisions upholding the BIA's construction of these statutes and regulations in factually similar cases. See Chen v. Gonzales, 498 F.3d 758 (7th Cir. 2007); Huang v. Attorney General, No. 06-3013, slip op., 2007 WL 2815598 (3d Cir. Sept. 28, 2007); accord Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir. 2006). We agree with these decisions and therefore deny the petition for review.

In the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. 104-208, div. C, 110 Stat. 3009-546 (1996) ("IIRIRA"), Congress enacted a number of provisions intended to reduce delays and curb perceived abuses in removal proceedings. Section 304 of IIRIRA provided that motions to reopen must be filed within ninety days of the entry of a final order of removal, subject to an exception that is critical to this appeal -- there is no time limit if the motion to reopen claims a right to asylum based on material new evidence of "changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(i-ii); see 8 C.F.R. § 1003.2(c)(3)(ii); Zhao v. Gonzales, 440

F.3d 405, 407 (7th Cir. 2005). Section 604 of IIRIRA amended the asylum statute, barring successive applications and those filed more than one year after entry unless the applicant demonstrates "the existence of changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(B)-(D).

The Attorney General's regulations implementing 8 U.S.C. § 1158(a)(2)(D) construe the reference to "changed circumstances" as including "activities the applicant becomes involved in outside the country of feared persecution that place the applicant at risk." 8 C.F.R. § 1208.4(a)(4)(i)(B). Zheng's successive application is based upon this type of personal circumstance -- the birth of her fourth child in the United States. Because she presented no new evidence of a material change of conditions in China, and because her motion was untimely under 8 U.S.C. § 1229a(c)(7)(C)(i),[1] we must deny her petition for review if the BIA correctly ruled that an alien subject to a final order of removal must successfully move to reopen the proceedings in order to file a successive asylum application. We review the BIA's legal determinations *de novo*, "according substantial deference to the [BIA's] interpretation of the statutes and regulations it administers." Negele v. Ashcroft, 368 F.3d 981, 982 (8th Cir.), cert. denied, 543 U.S. 1035 (2004).

Congress has not defined how 8 U.S.C. §§ 1158(a)(2)(D) and 1229a(c)(7)(C)(ii) interact. As removal proceedings can be protracted, an alien may confront changed circumstances warranting an untimely or successive asylum application before the proceedings have culminated in a final order of removal. Thus, the BIA's ruling under review -- that a successive application, if filed after entry of a final order of removal, must also meet the more restrictive changed conditions requirement of

---

[1]A motion to reopen must be filed within 90 days of "entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); see 8 C.F.R. § 1003.2(c)(2). The BIA affirmed Zheng's removal order in April 2004, more than a year before she filed the motion for leave to file a successive asylum application.

§ 1229a(c)(7)(C)(ii) -- does no violence to the plain language of either statute.[2] Moreover, practical realities support this interpretation. As the Second Circuit observed, "it would be ironic, indeed, if petitioners . . . who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities." Wang, 437 F.3d at 274, quoted in Huang, 2007 WL 2815598 at *4. The Seventh Circuit made the same point in Chen, commenting that the distinction between changed country conditions and changed personal conditions is "sensible" after a final order of removal has been entered, "since the alien can manipulate the latter but not the former." 498 F.3d at 760.

In arguing to the contrary, Zheng relies heavily on the legislative history of the Attorney General's implementing regulations, now 8 C.F.R. § 1208.4. The proposed regulation governing successive asylum applications initially provided that "[c]hanged circumstances arising after the denial of the application but before the alien's departure or removal from the United States shall only be considered as part of a motion to reopen." 62 Fed. Reg. 444, 463 (proposed Jan. 3, 1997). The final regulation deleted this language because, the Attorney General explained, "of inconsistency between the formulation of changed circumstances" in §§ 1158(a)(2)(D) and 1229a(c)(7)(C)(ii). 62 Fed. Reg.10312, 10316, 10321 (Mar. 6, 1997). Zheng argues that this "*unambiguously* establishes that [she] is not required to reopen her prior claim in order to pursue the new [asylum] claim" (emphasis in original). Like the Seventh and Third Circuits, we disagree. See Chen, 498 F.3d at 760; Huang, 2007 WL 2815598 at *3-4. As we have explained, an untimely or successive asylum application may be filed before entry of a final order of removal. Requiring the applicant to satisfy the more stringent changed conditions requirements of a motion to reopen at that time would be inconsistent with 8 U.S.C. § 1158(a)(2)(D). But

---

[2]Indeed, the cross reference to 8 U.S.C. § 1158 in § 1229a(c)(7)(C)(ii), though not conclusive, is some support for this interpretation.

changing the regulations because of this possible inconsistency does not reflect a clear intent to *weaken* the requirements of a motion to reopen when an alien under a final order of removal seeks to file an untimely or successive asylum application. The final regulation confirms this interpretation by providing that, when an asylum application is filed after completion of removal proceedings or when the BIA has obtained jurisdiction over the proceedings, the application must be filed "in conjunction with a motion to reopen." 8 C.F.R. §§ 1208.4(b)(3)(ii) and (4).

Zheng further argues that the Second Circuit "acknowledged" the procedure she seeks to invoke in Guan v. BIA, 345 F.3d 47, 49 (2d Cir. 2003). See also Haddad v. Gonzales, 437 F.3d 515, 518 (6th Cir. 2006). However, in denying relief to aliens who filed untimely motions to reopen, those decisions simply suggested in dicta that the relief Zheng seeks from the BIA in this case might be available under 8 U.S.C. § 1158(a)(2)(D). The Seventh Circuit concluded that this dicta was speculative and declined to follow it. Chen, 498 F.3d at 760-61. We agree.

Like our sister circuits that have considered the question, we conclude that the BIA reasonably harmonized the relevant statutes and regulations in concluding that an alien under a final order of removal must successfully reopen under 8 U.S.C. § 1229a(c)(7)(C)(ii) in order to pursue an untimely or successive asylum application under 8 U.S.C. § 1158(a)(2)(D). Accordingly, we deny the petition for review.

_____