# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3275

_____

Mai Yang,

        Petitioner,

v.

Michael B. Mukasey,
Attorney General

        Respondent.

\*
\*
\*
\* Petition for Review of
\* an Order of the Board
\* of Immigration Appeals.
\*
\* [UNPUBLISHED]
\*
\*

_____

Submitted:  May 21, 2008
Filed:  May 27, 2008

_____

Before BYE, SMITH, and BENTON , Circuit Judges.

_____

PER CURIAM.

Mai Yang, a native and citizen of Laos, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen immigration proceedings to apply for asylum on account of her Hmong ethnicity and Christian beliefs.[1]  We deny the petition.

_____

[1]The BIA also denied Yang's motion for reconsideration of an earlier denial of adjustment of status based on Yang's marriage to a United States citizen.  We do not address the adjustment claim, however, because Yang stated in her brief before us that her adjustment claim was moot as she filed for divorce from her spouse.

We conclude the BIA acted within its discretion in denying Yang's motion to reopen. See Kanyi v. Gonzales, 406 F.3d 1087, 1089 (8th Cir. 2005) (review standard). Yang did not present evidence that conditions in Laos had changed since her removal hearing so that she now had, but did not previously have, reason to fear persecution in Laos on account of her Hmong ethnicity and her Christian faith. See Zheng v. Mukasey, 509 F.3d 869, 871-72 (8th Cir. 2007) (asylum application filed after entry of final order of removal must be filed in conjunction with motion to reopen, and alien must meet more restrictive changed-country-conditions requirement; distinction between changed country conditions and changed personal conditions is sensible after final order of removal has been entered, since alien can manipulate latter but not former).

Yang's newly raised argument that her case should be reopened to allow her to apply for withholding of removal and Convention Against Torture relief on account of her extra-marital pregnancy is not reviewable, because she did not move for reopening below on this basis, and thus she has not exhausted administrative remedies. See 8 U.S.C. § 1252(d)(1) (alien must exhaust all available administrative remedies); Ixtlilco-Morales v. Keisler, 507 F.3d 651, 656 (8th Cir. 2007) (appeals court lacks jurisdiction to review issue not presented to BIA).

Accordingly, we deny the petition.

_____