**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1811**

RUI XIA LIN,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 23, 2008      Decided:  July 18, 2008

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Gary J. Yerman, New York, New York, for Petitioner.  Jeffrey S. Bucholtz, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Rebecca Hoffberg, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rui Xia Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") denying her untimely motion to reopen based on changed country conditions. Lin claims the Board abused its discretion by finding she failed to establish changed country conditions. She further claims the Board had jurisdiction to consider her successive asylum application based on changed personal circumstances. We deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C.A. § 1229a(c)(7)(A), (C) (West 2005 & Supp. 2007); 8 C.F.R. § 1003.2(c)(2) (2007). This time limit does not apply if the basis for the motion to reopen is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C.A. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii) (2007). "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2007). We review the Board's denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2007); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Barry v.

Gonzales, 445 F.3d 741, 744 (4th Cir. 2006), cert. denied, 127 S. Ct. 1147 (2007). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). We find the Board did not abuse its discretion in denying the motion to reopen as both untimely and for failing to establish changed country conditions.

We further find the Board properly found it was without jurisdiction to consider Lin's successive asylum application. See Zheng v. Mukasey, 509 F.3d 869 (8th Cir. 2007); Chen v. Gonzales, 498 F.3d 758, 760 (7th Cir. 2007).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -