

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2008

# Xu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4575

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Xu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 210.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/210

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4575
_____

ZHANG FEN XU,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A70-890-881)
Immigration Judge:  Honorable Donald V. Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2008

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: November 19, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

       The petitioner, a citizen of the People's Republic of China, seek review of a final

order of the Board of Immigration Appeals ("BIA").  For the following reasons, we will

deny the petition for review.

I.

The petitioner entered the United States without a valid visa in 1992. He filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT")[1] in April 1993 based on his democratic activities in China. He was issued a notice to appear in 1997 charging him as removable under INA § 237(a)(1)(A). In 1997, he married and in 1998, he and his wife had a child in the U.S. (A.R. 325.) In 1999, an Immigration Judge ("IJ") denied all relief except for voluntary departure. The petitioner waived his right to appeal, but did not depart as required. Rather, he and his wife stayed in the U.S. and had two additional children in 2001 and 2004.

On March 20, 2005, the petitioner filed a motion to reopen citing changed country conditions. He argued that, because he has three children, he would be subjected to forced sterilization if returned to China. In support of his motion, the petitioner introduced, among other things, his children's birth certificates, letters from relatives in China stating that the family planning policy is strictly enforced, an abortion certificate from a relative, the oft-used affidavit of John Aird,[2] the Revised Family Planning

---

[1]    United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, 8 U.S.C. § 1231.

[2]    The Second Circuit noted that "Aird has studied and criticized China's population control policies for over 20 years, and has provided affidavits in more than 200 asylum cases since 1993." Wang v. Bd. of Immig. Appeals, 437 F.3d 270, 275 (2d Cir. 2006)

Regulations from Fujian Province (published in 2000 but originally passed in 1988), and other background materials.

On March 16, 2006, the IJ denied the motion to reopen as time-barred, finding that it did not meet any exception to the statute of limitation because the births of the petitioner's children constituted a change of personal circumstances, not country conditions. See 8 U.S.C. § 1229a(c)(7)(C)(i), (ii). Moreover, discussing the 1998 and 2004 U.S. State Department country reports, the IJ found that enforcement of family planning laws had not worsened since 1999.

The BIA upheld the IJ's decision, agreeing that the motion to reopen was untimely and did not meet the changed country conditions exception. The BIA also noted that the IJ's opinion "reflects consideration of the country information" that the petitioner submitted, and that the IJ correctly found that the petitioner did not establish a change of conditions in China. The BIA then observed that the petitioner did contend that his motion was actually an attempt to file a successive asylum application under 8 U.S.C. § 1158(a)(2)(D), and stated that filing such an application does not require the reopening of removal proceedings but is not an exception for an untimely motion to reopen. The petitioner filed a petition for review from that order, and the government filed an unopposed motion to remand to the BIA so that the BIA could clarify its position on the relationship between 8 U.S.C. § 1158(a)(2)(D) and 8 U.S.C. § 1229a(c)(7)(C)(ii).

(citing Zhang v. Gonzales, No. 04-4791, 2006 WL 190013, at *1 (2d Cir. Jan. 25, 2006)).

In its November 16, 2007 remand decision, the BIA concluded that its opinion in In re C-W-L-, 24 I. & N. Dec. 346 (2007) was dispositive of the relationship between the two statutes. In re C-W-L- explained that "an alien who is subject to a final order of removal is barred by both statute and regulation from filing an untimely motion to reopen . . . in order to submit a successive asylum application based solely on a change in personal circumstances." (A.R. 2.) The BIA also held that sua sponte reopening was not warranted due to the petitioner's abuse of the immigration system, and adopted its 2006 dismissal of the petitioner's appeal from the IJ's denial of the motion to reopen.

The current petition followed.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1), and we review the BIA's November 16, 2007 decision for an abuse of discretion. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).[3] The BIA's interpretation of the INA and its own regulations is entitled to great deference. See Chen v. Att'y Gen., 491 F.3d 100, 106 (3d Cir. 2007); Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001).

People who apply for asylum must do so within one year after arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). In addition, a person who has filed an asylum

_____

[3] We are, however, without jurisdiction to entertain any challenge to the BIA's refusal to sua sponte reopen the proceedings. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2005).

4

application that has been denied generally may not again file for asylum. 8 U.S.C. § 1158(a)(2)(C). Pursuant to this statute and its implementing regulations, however, a person may file a successive application based on, *inter alia*, "changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D). The term "changed circumstances" may refer to changed country conditions or changed personal circumstances. 8 C.F.R. § 1208.4(a)(4)(i)(A)-(B). The statute that governs motions to reopen excuses the ninety-day deadline for filing such a motion when the applicant seeks to apply for asylum based on "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii). Thus, under this statutory and regulatory scheme, changed personal circumstances may permit the filing of a successive asylum application, but cannot excuse the time and numerical limitations applicable to motions to reopen.

The BIA did not abuse its discretion in determining that <u>In re C-W-L-</u> was dispositive of the relationship between successive asylum applications and motions to reopen. In that case, the BIA held that, when a petitioner is subject to a final order of removal, his successive asylum application must meet the procedural requirements of a motion to reopen and must therefore allege changed country conditions if it is filed more than ninety days after the entry of the final order. 24 I. & N. Dec. at 351-53. Several courts have concluded that this interpretation of the statutes, which gives meaning to both 8 U.S.C. § 1158(a)(2)(D) and 8 U.S.C. § 1129a(c)(7)(C)(ii), is reasonable. See <u>Jin v.</u>

5

Mukasey, 538 F.3d 143, 152-155 (2d Cir. 2008); Chen v. Mukasey, 524 F.3d 1028, 1030 (9th Cir. 2008); Zheng v. Mukasey, 509 F.3d 869, 872 (8th Cir. 2007); Chen v. Gonzales, 498 F.3d 758, 760 (7th Cir. 2007).  We agree.[4]

In the remand opinion, the BIA adopted its previous decision affirming the IJ's denial of the petitioner's motion to reopen as untimely.  8 U.S.C.§ 1229a(c)(7)(c)(i), (ii); 8 C.F.R. § 1003.2(c).  This decision is not an abuse of discretion.  The motion was indisputably untimely, as it was filed over six years after the IJ denied the petitioner's asylum application.  See 8 C.F.R. § 1003.2(c) (motions to reopen must be filed within ninety days of a final order).  The petitioner did not contest the tardiness of his motion; he did, however, assert that it fell within the exception of 8 C.F.R. § 1003.2(c)(3)(ii), which permits reopening based on "changed circumstances arising in the country of nationality."

The BIA properly rejected the petitioner's argument and concluded that he did not demonstrate a material change of circumstances in China for purposes of meeting the exception to the statutory time limit.  First, the BIA considered the evidence showing the birth of the petitioner's children to be evidence of changed personal circumstances rather

---

[4]  The petitioner also argues that the BIA's construction of 8 U.S.C. § 1158(a)(2)(D) and 8 U.S.C. § 1129a(c)(7)(C)(ii) in In re C-W-L-, violated his constitutional due process and equal protection rights because it treats applicants who base their claim on changes in personal circumstances differently from those who base their claim on changed country conditions.  The petitioner's arguments are flawed as he does not identify any liberty or property interest in asylum, see Mudric v. Att'y Gen., 469 F.3d 94, 98-99 (3d Cir. 2006), and he does not demonstrate that the persons at issue constitute two distinct classes as is required for a successful equal protection challenge.

6

than of changed conditions in China. We agree that this evidence demonstrates only a change in petitioner's personal circumstances. See Wang, 437 F.3d at 273; Zhao v. Gonzales, 440 F.3d 405, 407 (7th Cir. 2005) (per curiam).

Second, the BIA correctly determined that the petitioner did not demonstrate changed country conditions—*i.e.*, that the family planning laws are enforced more strictly than at the time of the petitioner's removal proceedings. The petitioner unsuccessfully argues that the BIA erred by not specifically discussing the evidence that he submitted. In its 2006 decision, the BIA stated "that the Immigration Judge's decision reflects consideration of the country information submitted by the respondent . . . and correctly finds that the motion does not establish a material change in conditions in China." (A.R. 44.) The IJ relied primarily on U.S. State Department country reports, and correctly asserted that such reports could be given more weight than reports from human rights groups (the petitioner submitted a report from Amnesty International). See Sevoian v. Ashcroft, 290 F.3d 166, 176 (3d Cir. 2002). Moreover, the IJ specifically stated that he had reviewed the "all of the evidence . . . even if not specifically discussed." While the agency must "actually consider the evidence" that a party presents, Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001), the record shows that the IJ "reviewed the record and grasped the movant's claims," which is all it is required to do. See Sevoian, 290 F.3d at 178. Moreover, the BIA "is not required to write an exegesis on every contention" or piece of evidence, id. (internal citation omitted), and this is especially true for evidence

7

that the BIA "is asked to consider again and again," "such as the oft-cited Aird affidavit," Wang, 437 F.3d at 275 (stating that the BIA can consider such evidence in "summary fashion without a reviewing court presuming that it has abused its discretion").[5]  After a careful review of the record, we conclude that the BIA did not abuse its discretion in concluding that the petitioner did not sufficiently establish changed country conditions to qualify for an exception to the ninety-day filing requirement for a motion to reopen.

For these reasons, we will deny the petition for review.

---

[5]    The petitioner also argues that we should consider evidence presented to the Second Circuit in Guo v. Gonzales, 463 F.3d 109 (2d Cir. 2006).  We cannot, however, consider matters outside the record.  See Berishaj v. Ashcroft, 378 F.3d 314, 328-30 (3d Cir. 2004).