**PHIK HA LIE, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 08–1680.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 14, 2009.

Filed: Oct. 20, 2009.

Joseph C. Hohenstein, Esq., David Kaplan, Esq., Orlow, Kaplan & Hohenstein, Philadelphia, PA, for Petitioner.

Aliza B. Alyeshmerni, Esq., Richard M. Evans, Esq., Thomas W. Hussey, Esq., Rebecca A. Niburg, Esq., Andrew J. Oliveira, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Petitioner Phik Ha Lie, a native and citizen of Indonesia, entered the United States on May 27, 2000 on a visitor's visa, and overstayed. She was served with a Notice to Appear for removal proceedings, alleging that she was removable under Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien present in the United States in violation of the law. She filed an application for asylum under INA § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture, 8 C.F.R. §§ 1208.16(c), 1208.18, claiming persecution on the basis of her Chinese ethnicity and Christian religion.[1] On March 1, 2004, an Immigration Judge denied Lie's claim for relief and protection, and, on June 23, 2006, the Board of Immigration Appeals affirmed the finding that the incidents Lie experienced in Indonesia did not rise to the level of persecution. The Board also agreed that Lie had not established a well founded fear of future persecution. Lie filed a petition for review, and, on October 9, 2007, we denied it. *See Lie v. Mukasey,* 250 Fed.Appx. 496 (3d Cir.2007).

On November 13, 2007, Lie and her husband filed an untimely motion to reopen removal proceedings with the Board, contending that their daughter's recent grant of asylum (on March 28, 2007) was a changed personal circumstance which merited reopening proceedings under INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D).

---

1. Lie's husband, Pek Siong Lo, was named as a derivative applicant on his wife's asylum application.

Lie argued that she need not file a motion to reopen in order to submit a successive asylum application. The Department of Homeland Security opposed the motion.

On February 5, 2008, the Board denied the untimely motion to reopen, holding that the couple's daughter's asylum grant did not represent changed country conditions so as to create an exception to the 90-day time limit for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Matter of C-W-L-,* 24 I. & N. Dec. 346 (BIA 2007). The Board also declined to reopen removal proceedings through its *sua sponte* authority, noting that the daughter's asylum grant was not an "exceptional situation" warranting such action, *see Matter of J-J-,* 21 I. & N. Dec. 976 (BIA 1997). Phik Ha Lie has timely petitioned for review of this decision.

We will deny the petition for review. We have jurisdiction under INA § 242(a), 8 U.S.C. § 1252(a). The Board's jurisdiction arose under 8 C.F.R. § 1003.2(c), which grants it authority to adjudicate motions regarding matters it has previously considered. We review the Board's denial of a motion to reopen for abuse of discretion. *Immigration & Naturalization Serv. v. Abudu,* 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Under this deferential standard of review, we will not disturb the Board's decision unless it is arbitrary, irrational, or contrary to the law. *See Guo v. Ashcroft,* 386 F.3d 556, 562 (3d Cir.2004).

The regulation governing motions to reopen provides that: "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the *motion is granted and shall be supported by affidavits or other evidentiary material. . . . A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . . ." 8 C.F.R. § 1003.2(c)(1). Although a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened," 8 C.F.R. § 1003.2(c)(2), this time limitation does not apply if the alien seeks reopening "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). *See also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Because Lie's motion was untimely, being more than a year late, her motion had to be based on changed country conditions for Chinese Christians in Indonesia. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Lie did not base her claim on changed country conditions, and, in fact, Lie does not challenge the Board's finding that she failed to establish changed country conditions in Indonesia. Instead, she contends that she should be able to reopen proceedings, or file a successive asylum application, based on changed *personal circumstances,* in accordance with due process and the 1951 Refugee Convention and 1967 Refugee Protocol. Furthermore, she contends, the Board's interpretation of the INA and the implementing regulations in *Matter of C-W-L-,* 24 I. & N. Dec. 346, is not entitled to *Chevron* deference, *see Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Lie contends that INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D), standing alone, is a basis for filing an additional asylum application, even though she is currently under an order of removal and barred by INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii), from filing such an application, except where accompanied

by a timely motion to reopen based on changed country conditions.

█ We reject this argument as unpersuasive. Section 208(a)(2)(D) of the INA states:

An application for asylum of an alien may be considered, notwithstanding subparagraphs (B) and (C), if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B).

8 U.S.C. § 1158(a)(2)(D).[2] Regulations implementing INA § 208(a)(2)(D) define "changed circumstances" to include, in pertinent part, not only changes in conditions in the applicant's country, but also "[c]hanges in the applicant's circumstances that materially affect the applicant's eligibility for asylum," including "changes in applicable U.S. law and activities the applicant becomes involved in outside the country of feared persecution that place the applicant at risk," 8 C.F.R. § 1208.4(a)(4)(i)(B) (2007). We accept for the sake of argument that the deadline waiver standard of "changed circumstances" for a successive asylum application is likely broader than the deadline waiver standard of "changed country conditions" for a motion to reopen.

The Board, however, has concluded that aliens already under a final order of removal are bound by INA § 240's filing deadline for motions to reopen. In *Matter of C–W–L–*, 24 I. & N. Dec. 346, the Board held that a successive and untimely asylum application filed by an alien under a final order of removal must satisfy the requirements for a motion to reopen. This deci-

sion of the Board has precedential effect and is entitled to deference under *Chevron*, 467 U.S. 837, 104 S.Ct. 2778, so long as it is not arbitrary, capricious, or contrary to the statute. *See id.* at 844, 104 S.Ct. 2778. *See also Immigration & Naturalization Serv. v. Aguirre–Aguirre*, 526 U.S. 415, 424, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (*Chevron* deference applies to INA). A reasonable interpretation of a provision or provisions in the statute made by an administrator of an agency is afforded substantial deference. *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

Just as we did recently in *Liu v. Att'y Gen. of U.S.*, 555 F.3d 145 (3d Cir.2009), we hold that the Board's interpretation of the relationship between INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D), and INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i), is reasonable. The issue for the Board in *Matter of C–W–L–*, as in Lie's case, was whether to entertain the application as a free-standing claim for asylum subject to the more liberal exception in section 1158(a)(2)(D), and without regard to the time limit on motions to reopen found in section 1229a(c)(7)(C)(i). This required the Board to "consider the relationship between sections 208(a)(2)(D) and 240(c)(7)(C)(ii) of the Act and the corresponding regulations that implement those sections of the statute." 24 I. & N. Dec. at 348. The Board explained that INA §§ 208(a)(2)(B)–(C) of the Act provide that an alien may file only one claim for asylum, which must be filed within one year of his or her arrival in the United States. 8 U.S.C. § 1158(a)(2)(B)–(C). Exceptions to the filing deadline and the prohibition on refiling after the denial of an asylum application do not apply "if the

2. Ordinarily, an asylum application must be filed within one year of the alien's arrival in the United States, *see id.* at § 1158(a)(2)(B), and an alien who has previously applied and been turned down, may not re-apply, *see id.* at § 1158(a)(2)(C).

alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D).

Section 240(c)(7)(C)(ii) of the Act, 8 U.S.C. § 1158(c)(7)(C)(ii), on the other hand, was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), and was intended to curb abuse of the asylum process. *Matter of C–W–L–*, 24 I. & N. Dec. at 349. It provided for one motion to reopen filed within 90 days of the final order of removal (except in some limited circumstances not applicable here). However, if the purpose of the motion to reopen is to file a successive asylum application, the 90–day deadline will be excused so long as the alien can show "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii).

The Board surmised that section 208(a)(2)(D) of the Act was silent on the issue of reopening, "most likely because the requirement of an accompanying motion to reopen once a final order of removal has been entered is clearly set forth in other parts of the statutory and regulatory scheme." *Matter of C–W–L–*, 24 I. & N. Dec. at 352. Moreover, "the statutory bars that are exempted by sections 208(a)(2)(D) are separate from, and apply principally at an earlier stage of proceedings than, the 90–day reopening provisions in both the statute and regulations." *Id.* at 353 (citations omitted). Accordingly, the Board reasoned, the "reopening re-strictions are best viewed as additional limitations on the ability of aliens to use either asylum or withholding claims as a means of reopening final orders of exclusion, deportation, or removal." *Id.*

In *Liu*, 555 F.3d 145, we found this interpretation reasonable and entitled to *Chevron* deference. It is reasonable for the Board to conclude that an alien who has ignored her final order of removal is not entitled to avoid the time-limit for filing a motion to reopen by framing her request for relief as a successive asylum application under INA § 208 on the basis of changed personal circumstances. Absent a showing of changed conditions in Indonesia, Lie is bound by the 90–day deadline for filing a motion to reopen. We defer to the Board's construction under *Chevron*, concluding that it is a permissible reading of the statutory provisions. *Liu*, 555 F.3d at 150 (holding that 8 U.S.C. § 1158(a)(2)(D) "must be applied in harmony with 8 U.S.C. § 1229a(c)(7)(C) and the regulations at 8 C.F.R. §§ 1003.2(c)(2), 1003.2(c)(3)(ii), and 1003.23(b))."

As we noted in *Liu*, 555 F.3d at 151, we have "much company" because other courts of appeals are in agreement. In *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir.2008), for example, the Court of Appeals for the Second Circuit, agreeing with the Court of Appeals for the Seventh Circuit, held that aliens under a final order of removal are required to show changed country conditions, rather than changed personal circumstances. *See id.* at 152. The court explained:

Any potential tension between [8 C.F.R. § 1208.4(a)(4)'s] broad provision that changed country conditions or changed personal circumstances can support a new asylum application under § 1158(a)(2)(D) and the BIA's determination that only changed country conditions can support a new asylum appli-

cation filed by an alien under a final removal order is easily resolved. As the Seventh Circuit noted in *Cheng Chen,* § 1158(a)(2)(D) "says nothing about the situation in which the applicant has already been ordered removed, the order has become final, and the time for reopening the removal proceeding has expired." Thus, ... 8 U.S.C. § 1229(a)(c)(7)(C), which delineates the requirements for such a motion when a final order has issued, can properly be read as filling this gap by setting forth the mechanism by which an alien may file a successive asylum petition when the alien has already been ordered removed.

*Id.* at 152–53 (citing *Cheng Chen v. Gonzales,* 498 F.3d 758, 760 (7th Cir.2007)).

In short, the Board's interpretation gives meaning to both 8 U.S.C. § 1229a(c)(7)(C) and 8 U.S.C. § 1158(a)(2)(D). *Liu,* 555 F.3d at 150. A statute should be construed so as to give effect to all of its provisions; it should not be construed so as to render a portion of it superfluous, void, or meaningless. *Disabled in Action of Pa. v. Southeastern Pa. Transp. Authority,* 539 F.3d 199, 211 (3d Cir.2008). An alien may file a successive asylum application based on changed personal circumstances or changed country conditions, pursuant to 8 U.S.C. § 1158(a)(2)(D), at any time during proceedings before the entry of a final order of removal, or within the 90–day deadline for a motion to reopen. Outside of those circumstances, changed country conditions under 8 U.S.C. § 1229a(c)(7)(C)(ii) must be shown. *Liu,* 555 F.3d at 150–52; *Yuen Jin,* 538 F.3d at 152–53; *Cheng Chen,* 498 F.3d at 760. *See also Chen v. Mukasey,* 524 F.3d 1028, 1032–33 (9th Cir.2008) (deferring to Board's interpretation in *Matter of C–W–L–* and noting that "[i]ts interpretation harmonizes the competing exceptions"); *Hui Zheng v. Holder,* 562 F.3d 647, 654 (4th Cir.2009) (same); *Zhang v.* *Mukasey,* 543 F.3d 851, 858–59 (6th Cir. 2008) (same); *Zheng v. Mukasey,* 509 F.3d 869, 872 (8th Cir.2007) (regulatory history of 8 C.F.R. § 1208.4 does not support assertion of "intent to *weaken* the requirements of a motion to reopen when an alien under a final order of removal seeks to file an untimely or successive asylum application").

██ Lie contends that her due process rights and rights under international law have been violated. With respect to her due process argument, we agree with the Second Circuit that an alien who has already filed one asylum application, been adjudicated removable after a full and fair hearing and ordered deported, and who has nevertheless remained in the country illegally, does not have a liberty or property interest in a discretionary grant of asylum. *Yuen Jin,* 538 F.3d at 157. *Cf. Mudric v. Att'y Gen. of U.S.,* 469 F.3d 94, 99 (3d Cir.2006) (in making request for immigration benefits aliens have only those statutory rights granted by Congress). The fact remains that Lie has remained in the United States in violation of the law, *see* 8 U.S.C. § 1253(a)(1)(A) (setting forth penalties for an alien who "willfully fails or refuses to depart from the United States within a period of 90 days from the date of the final order of removal under administrative processes"). Furthermore, due process does not prevent the Attorney General from setting reasonable procedures and limits on successive asylum applications. *Cf. Sukwanputra v. Gonzales,* 434 F.3d 627, 631–32 (3d Cir.2006) (it does not violate due process for Congress to impose reasonable limitations on filing of naturalization petitions). We note that the time and number limitations do not apply when the Department of Homeland Security does not oppose the motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(iii) (time and number limita-

tions do not apply where motion to reopen is "[a]greed upon by all parties and jointly filed"), and it is also within the Board's discretion to reopen proceedings *sua sponte* if it determines, based on an alien's particular circumstances, that reopening is warranted, *see* 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."). Avenues for relief thus remain for aliens whose personal circumstances have changed more than 90 days after an order of removal becomes final.

█ Lie's argument based on a violation of international law is similarly unavailing. The United States is a signatory to the 1967 United Nations Protocol Relating to the Status of Refugees, which incorporated the 1951 Convention. The Attorney General implemented regulations to comply with its terms, *Immigration & Naturalization Serv. v. Stevic*, 467 U.S. 407, 428–30, n. 22, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984), and, in 1980, Congress amended the INA by passing the Refugee Act, which brought U.S. domestic law into conformity with its treaty obligations under the 1967 Protocol, *see id.* at 421, 104 S.Ct. 2489. "The 1967 Protocol is not self-executing, nor does it confer any rights beyond those granted by implementing domestic legislation." *Al–Fara v. Gonzales*, 404 F.3d 733, 743 (3d Cir.2005) (citing *Stevic*, 467 U.S. at 428 n. 22, 104 S.Ct. 2489). *See also Sukwanputra*, 434 F.3d at 631–32 (1951 Convention provides no enforceable rights beyond those granted by INA). Furthermore, Lie has presented no evidence that the Board's interpretation of the statutory provisions at issue here conflicts with principles of international law.

Accordingly, Lie, who was subject to a final order of removal, was required to file a motion to reopen to pursue a new asylum application. Because she filed her motion to reopen more than ninety days after the entry of her final removal order, she was required to demonstrate that conditions in Indonesia had changed. She requested reopening and asylum based on a grant of asylum to her daughter, and concedes that this is evidence of changed personal circumstances, not changed country conditions within the meaning of 8 U.S.C. § 1229a(c)(7)(C)(ii). The Board thus did not abuse its discretion in denying her motion to reopen. In addition, we are without jurisdiction to review the Board's decision declining to exercise its *sua sponte* authority to reopen removal proceedings. *See Calle–Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir.2003).

For the foregoing reasons, we will deny the petition for review.