**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1931
_____

MEI RONG CHEN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED
STATES OF AMERICA,
                    Respondent
_____

On Petition for Review of a Decision of the Board of Immigration Appeals
(BIA-1 No. A079-092-472)
Immigration Judge: Eugene Pugliese
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 21, 2015

Before: FUENTES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*

(Filed: May 27, 2015)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

Mei Rong Chen challenges the Board of Immigration Appeals's denial of her motion to reopen decade-old removal proceedings. We will deny her petition for relief.

Chen is a Chinese national who was detained in 2001 by immigration authorities upon her unauthorized arrival in the United States. She thereafter sought asylum and withholding of removal on the basis of her alleged Falun Gong faith, but her application was denied. By way of explanation, the Immigration Judge noted "there [was] no proof that this woman knows much of anything about Falun Gong" and declared her "completely unpersuasive" application insufficient to carry her burden of proof. The Board denied Chen's subsequent appeal.

Chen remained in the country, and in February 2014 she filed the instant motion to reopen, which pointed to (1) her newfound Christian faith, which she contends would subject her to anti-Christian persecution in China; (2) her two American-born children, which she says will subject her to persecution under China's population control policies; and (3) alleged intensification of anti-Christian bias in China in the past decade.

The Board denied the motion to reopen as time-barred. The motion was presumptively untimely by many years, though "[t]here is no time limit on the filing of a motion to reopen if the basis of the motion . . . is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C). In the Board's view,

2

Chen's conversion to Christianity and her recent parentage constituted changes in her personal circumstances rather than changes in country conditions. Meanwhile, the Board found that population control and repression of religious minorities were longstanding attributes of Chinese policy that had not, in light of evidence submitted by Chen or otherwise, materially changed since Chen's previous proceeding. The Board explained that "[m]ere allegations of and documents indicating a 'continuation' of repressive practices are not evidence of a change . . . [and] even a worsening recent trend over the last several years does not necessarily represent a material change when compared to the conditions that existed at the time of the merits hearing, particularly one that occurred so long ago." Finally, irrespective of any change in country conditions that might lift the 90-day time-bar, the Board determined Chen did not establish a likelihood of success on the merits. Chen's allegations of "sporadic" and unauthorized punishments for violation of population control policies were, in the Board's view, insufficient to establish a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). Nor did she show that any official campaign against religious activity was at a high level in her native Fujian Province.

On appeal, Chen disputes the Board's determination that she failed to show material changes in religious repression and population control in her home province.[1] In

---

[1] Because we uphold the Board's determination that Chen failed to show changed country conditions, we need not address whether a petitioner is entitled to bring an otherwise untimely motion to reopen based on repressive policies that were inapplicable to the petitioner at the original proceedings. *Compare Chandra v. Holder,* 751 F.3d 1034, 1037 (9th Cir. 2014) ("[I]f there is sufficient evidence of changed conditions in the receiving

3

chief, she points to a letter from her father and her and her husband's affidavits. These aver that Chen's mother has been jailed, beaten, and monitored for her Christianity; that the Chinese government is aware that Chen, too, is a Christian; and that, because of the foregoing, Chen is likely to be persecuted for her Christianity and moreover sterilized given she has more than one child. Chen also points to a series of news articles describing crackdowns on religious practice in her home province. She makes a conclusory contention that "[t]his worsening trend represents a material change when compared to the conditions that existed at the time of the merits hearing [] thirteen years ago," but she provides no support.

"We review the [Board]'s denial of a motion to reopen for abuse of discretion, and review its underlying factual conclusions related to the motion for substantial evidence." *Caushi v. Att'y Gen. of U.S.*, 436 F.3d 220, 225-26 (3d Cir. 2006) (internal citations omitted). We may only reverse if the denial was "arbitrary, irrational, or contrary to law." *Id.* at 226.

Chen's position is unavailing under this strict standard. We cannot conclude that the Board erred in determining the relevant policies did not change between 2002 and 2014, for Chen presents no information that would allow us to compare persecution of

country, there is nothing in the plain language of the regulation that prevents a petitioner from referring to his personal circumstances to establish the materiality of that evidence.") *with Cheng Chen v. Gonzales*, 498 F.3d 758, 760 (7th Cir. 2007) ("It makes no sense to allow an alien who manages to elude capture by the immigration authorities for years after he has been ordered to leave the country, and has exhausted all his legal remedies against removal, to use this interval of unauthorized presence in the United States to manufacture a case for asylum.").

Christians in 2002 and 2014, let alone enough to conclude that persecution is materially worse now, and in ways that would be relevant to her. As to the prospect that Chen will be sterilized if she returns to China, we have held that a native of Chen's home province had no well-founded fear of future persecution based on having two children while resident in the United States. *See Ying Chen v. Att'y Gen. of U.S.*, 676 F.3d 112, 116 (3d Cir. 2011). Chen provides no reason to believe that China's population control policies are different now than when we decided *Ying Chen*.

As we lack a basis to conclude the Board's decision was "arbitrary, irrational, or contrary to law," *Caushi*, 436 F.3d at 226, we will deny the petition.