14-3-ag
Chen v. Lynch

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
          PIERRE N. LEVAL,
          GERARD E. LYNCH
                  <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - -X

LI CHEN,

    <u>Petitioner</u>,

    -v.-                            14-3-ag

LORETTA E. LYNCH, United States Attorney General,<sup>*</sup>

    <u>Respondent</u>.

- - - - - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER:        LEE RATNER, Law Offices of Michael Brown, New York, NY.

---

   <sup>*</sup>   Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**                    SABATINO F. LEO, Office of
                                      Immigration Litigation, U.S.
                                      Department of Justice,
                                      Washington, D.C.

Petition for review of a decision of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition is **DENIED**.

Petitioner Li Chen, a native and citizen of the People's Republic of China, petitions for review of a December 16, 2013 decision of the Board of Immigration Appeals ("BIA") affirming a March 28, 2012 decision of an Immigration Judge ("IJ") denying Chen's motion to reopen immigration proceedings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A motion to reopen must be filed within 90 days of the date an IJ's final administrative order is rendered. 8 C.F.R. § 1003.23(b)(1); see also 8 C.F.R. § 1003.2(c)(2). Untimeliness may be excused if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 C.F.R. § 1003.23(b)(4)(I); see also 8 C.F.R. § 1003.2(c)(3)(ii). This requires a showing that the conditions in a *country* have changed since the removal order. Yuen Jin v. Mukasey, 538 F.3d 143, 151 (2d Cir. 2008). A change in *personal* circumstances, based on petitioner's own choices, does not fall within this exception. Wei Guang Wang v. BIA, 437 F.3d 270, 273–74 (2d Cir. 2006); see also Yuen Jin v. Mukasey, 538 F.3d 143, 155 (2d Cir. 2008) ("[I]t would be 'ironic' to allow aliens to reopen their cases following a final order of deportation simply because they were able to change their own personal circumstances . . . while remaining in the United States illegally.")

On June 29, 1995, an IJ granted Chen's request for voluntary departure, dismissed Chen's application for asylum with prejudice, and ordered that failure to voluntarily depart would result in removal. Chen nevertheless remained in the United States and in 2010 converted to Christianity. On February 7, 2012, Chen filed an untimely motion to reopen

2

her immigration proceedings based on "changed circumstances" in China regarding its treatment of Christians. The IJ concluded that she did not satisfy the "changed circumstances" exception because the only change she alleged was a personal one and she did not establish a material change in the conditions Christians face in China. The BIA affirmed on the same basis. We review BIA denials of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992).

The BIA did not abuse its discretion in concluding that Chen did not fall within the "changed circumstances" exception to the filing deadline. Chen did not establish that country conditions in China regarding the treatment of Christians had changed since her initial asylum motion was denied in 1995. Moreover, Chen's religious conversion after she failed to deport voluntarily was a change in personal circumstances, not a change in country conditions "arising in" China. Wei Guang Wang, 437 F.3d at 273. As we have repeatedly noted, a "self-induced change in personal circumstances cannot suffice" to fall within the "changed circumstances" exception. Id. at 274.[**]

Accordingly, and finding no merit in Chen's other arguments, the petition for review is **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[**]Chen relies on a Seventh Circuit case, Joseph v. Holder, 579 F.3d 827 (7th Cir. 2009), which is neither the law of this Circuit, nor is it applicable to Chen's circumstances, cf. Cheng Chen v. Gonzales, 498 F.3d 758 (7th Cir. 2007).