[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10259

_____

Agency No. A73-765-967

YI-QIN CHEN,
a.k.a. Yi-Chin Dhen,

                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 13, 2009)**

Before BLACK and MARCUS, Circuit Judges, and BUCKLEW,[*] District Judge.

_____

[*]Honorable Susan C. Bucklew, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

Chinese native and citizen Yi-Qin Chen is an alien under a final order of removal entered in 1995. In 2006, Chen filed a motion to file a successive asylum application based on changed circumstances under 8 U.S.C. § 1158(a)(2)(D). Chen asserted that even though she was ordered removed in 1995, she was not required to file a motion to reopen based on changed country conditions under 8 U.S.C. § 1229a(c)(7)(C)(ii) in order to file a successive asylum application. She contended the birth of two children in the United States, in addition to a third child born in China, would subject her to persecution if returned to China under the country's one-child policy, and, therefore, she was eligible for asylum and withholding of removal based on these changed personal circumstances. The Immigration Judge (IJ) denied Chen's motion, and the Board of Immigration Appeals (BIA) affirmed the IJ's denial. Chen petitions this Court for review of the BIA's order dismissing her appeal from the IJ's order denying her motion to file a successive asylum application.[1]

_____

[1] While Chen's motion to file a successive asylum application was pending before the BIA, she filed a motion to remand her case to the IJ to present claims of withholding of removal under the United Nations Protocol Relating to the Status of Refugees (Protocol) and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). The BIA construed the motion to remand as an untimely motion to reopen, and it declined to address her claims under the Protocol and the CAT because she had not shown changed circumstances in her country of nationality under 8 C.F.R. § 1003.2(c)(3)(ii). Chen appeals the denial of the motion to remand; however, she raises no argument on appeal regarding

2

The issue whether an alien who is subject to a final order of removal is required to satisfy the requirements for a motion to reopen in order to file a successive asylum application is one of first impression in this Circuit. The BIA held in *In re C-W-L-*, 24 I. & N. Dec. 346 (BIA 2007), that an alien who has been ordered removed must file a motion to reopen to pursue a successive asylum application. We now discuss the applicable statutory and regulatory provisions and the BIA's decision in *C-W-L-* to determine whether to defer to the BIA's decision.

## I. STATUTES AND REGULATIONS

The Immigration and Nationality Act (INA) provides an alien may file an application for asylum "within [one] year after the date of the alien's arrival in the United States[,]" as long as the alien has not "previously applied for asylum and had such application denied." 8 U.S.C. § 1158(a)(1), (a)(2)(B), (a)(2)(C). However,

> [a]n application for asylum of an alien may be considered, notwithstanding [the time and number restrictions], if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the

whether the BIA erred in analyzing her motion to remand as an untimely motion to reopen, nor does she point to any error in the BIA's determination that she failed to show changed circumstances in her country of nationality sufficient to reopen the proceedings. *See* 8 C.F.R. § 1003.2(c)(3)(ii). As a result, we deny her petition as to the motion to remand.

3

applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . .

8 U.S.C. § 1158(a)(2)(D). The regulations define such "changed circumstances" as including, but not limited to:

> (A) Changes in conditions in the applicant's country of nationality . . . [or]
>
> (B) Changes in the applicant's circumstances that materially affect the applicant's eligibility for asylum, including changes in applicable U.S. law and activities the applicant becomes involved in outside the country of feared persecution that place the applicant at risk . . . .

8 C.F.R. § 1208.4(a)(4)(i).

At the same time, the INA provides an alien who is subject to a final order of removal may file one motion to reopen her removal proceedings "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i). However,

> [t]here is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for relief under [8 U.S.C. §§ 1158 or 1231(b)(3)] and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered . . . .

8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii) (providing the restrictions on filing a motion to reopen shall not apply to motions "based on

4

changed circumstances arising in the country of nationality or in the country to which deportation has been ordered").

The Department of Justice's (DOJ's) initial proposed regulation implementing the provision allowing for successive asylum applications provided "[c]hanged circumstances arising after the denial of the application but before the alien's departure or removal from the United States shall only be considered as part of a motion to reopen . . . ." 62 Fed. Reg. 444, 463 (proposed Jan. 3, 1997). However, "[b]ecause of inconsistency between the formulation of changed circumstances in [8 U.S.C. § 1158(a)(2)(D)] and the formulation in [8 U.S.C. § 1229a(c)(7)(C)], which permits an alien to file a motion to reopen beyond the time limit normally applicable to such a motion, the Department . . . decided to drop the requirement that . . . such exception may only be raised through a motion to reopen." 62 Fed. Reg. 10,312, 10,316 (Mar. 6, 1997).

In sum, if an alien who is subject to a final order of removal may file a successive asylum application without satisfying the requirements for a motion to reopen, then Chen would have to demonstrate changed circumstances, which are defined more broadly than changed country conditions. *See* 8 U.S.C. § 1158(a)(2)(D); *see also* 8 C.F.R. § 1208.4(a)(4)(i). However, if the alien must file a motion to reopen to pursue a successive asylum application, then Chen must

5

show changed country conditions because her motion was filed more than 90 days after the date of entry of her order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i), (c)(7)(C)(ii).

## II. BIA HOLDING

In *C-W-L-*, the BIA held an alien who is subject to a final order of removal must satisfy the requirements for a motion to reopen under 8 U.S.C. § 1229a(c)(7)(C)(ii) in order to file a successive asylum application. *See* 24 I. & N. Dec. at 354. The BIA reasoned to interpret the successive asylum application provision as "an independent basis for filing an asylum application at any time, including when a final order of removal is in place, would render [8 U.S.C. § 1229a(c)(7)(C)(ii)] (and 8 C.F.R. § 1003.2(c)(3)(ii)) superfluous and would negate the effect of regulations granting jurisdiction to [the BIA] and the Immigration Courts." *Id.* at 351.

The BIA also rejected the argument that the regulatory history related to the DOJ's proposed rule implementing 8 U.S.C. § 1158(a)(2)(D) meant a motion to reopen was never required in order to pursue a successive asylum application. *Id.* at 351-52. The BIA observed "[t]he cited regulatory history nowhere states that an alien may file unlimited 'successive asylum applications' after the entry of a final administrative order of removal without filing a motion to reopen." *Id.* at 352.

Rather, the regulations implementing the successive asylum application provision were silent at best on the issue of reopening, "most likely because the requirement of an accompanying motion to reopen once a final order of removal has been entered is clearly set forth in other parts of the statutory and regulatory scheme." *Id.* Moreover, there was a "preferable explanation" for the regulatory history that reconciled the competing statutory provisions:

> [T]he language at section [1158(a)(2)(D)] and 8 C.F.R. § 1208.4 that permits an updated or successive asylum application based on changed personal circumstances *applies in conjunction with* section [1229a(c)(7)(C)] and 8 C.F.R. §§ 1003.2(c) and 1003.23(b) to permit such an application at any time during proceedings before the entry of a final order of removal or within the 90-day deadline for a motion to reopen. Outside of those circumstances, changed country conditions must be shown.

*Id.* at 352-53. As a result, the BIA held that an alien who is subject to a final order of removal cannot file a successive asylum application, "except as part of a timely and properly filed motion to reopen or one that claims that the late motion is excused because of changed country conditions." *Id.* at 354.

## III. DISCUSSION

Chen argues the BIA erred in determining she was required to file a motion to reopen under 8 U.S.C. § 1229a(c)(7)(C)(ii) in order to pursue a successive asylum application under 8 U.S.C. § 1158(a)(2)(D). Chen asserts the BIA's

7

holding in *C-W-L-* is erroneous and not entitled to *Chevron*[2] deference. She

asserts the regulatory history related to the implementation of 8 U.S.C.

§ 1158(a)(2)(D) makes clear the DOJ intentionally omitted the requirement that

the exception for filing a successive application based on changed circumstances

be raised only through a motion to reopen. Chen further asserts the BIA's

determination that an alien can only file a successive asylum application under 8

U.S.C. § 1158(a)(2)(D) if the alien has not been ordered removed renders the

provision meaningless. Additionally, assuming the BIA's holding in *C-W-L-* did

not contravene an act of Congress, Chen maintains it constituted a substantive

change to the regulations which could have only been accomplished through

notice and comment hearings.[3]

"The BIA's interpretation of immigration statutes are due *Chevron*

deference where appropriate." *Yang v. U.S. Att'y Gen.*, 494 F.3d 1311, 1317 (11th

Cir. 2007), *cert. denied*, 128 S. Ct. 2466 (2008). "Under *Chevron*, where

---

[2] *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778 (1984).

[3] Chen presents no argument on appeal as to whether the BIA erred in denying her untimely motion to reopen based on changed country conditions. Accordingly, she has abandoned any argument that she demonstrated changed country conditions sufficient to reopen her proceedings to file a successive asylum application. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

Congress in a statute has not spoken unambiguously on an issue, the interpretation of the statute by an agency entitled to administer it is entitled to deference so long as it is reasonable." *Mazariegos v. Office of U.S. Att'y Gen.*, 241 F.3d 1320, 1327 n.4 (11th Cir. 2001) (citation omitted). "The degree of deference is especially great in the field of immigration." *Id.*

Congress did not unambiguously express its intent as to whether an alien who is subject to a removal order must file a motion to reopen in order to pursue a successive asylum application. The BIA's interpretation represents a reasonable balancing of the permissive language of 8 U.S.C. § 1158(a)(2)(D), which provides only that the Attorney General *may* consider a successive asylum application based on changed circumstances, and 8 U.S.C. § 1229a(c)(7)(C)(ii)'s explicit restrictions on motions to reopen that apply to aliens who are subject to final orders of removal. Moreover, the cross-reference to § 1158 in § 1229a(c)(7)(C)(ii) supports the BIA's interpretation the two provisions apply in conjunction, and "[t]he reopening restrictions are best viewed as additional limitations on the ability of aliens to use either asylum or withholding claims as a means of reopening final orders of exclusion, deportation, or removal." *See C-W-L-*, 24 I. & N. Dec. at 353. A contrary interpretation of the statute that allowed an alien who is under a final order of removal to file a successive asylum application based on changed

9

personal circumstances, after the expiration of the 90-day reopening period, would render superfluous the restrictions that Congress has placed on untimely attempts to reopen immigration proceedings.

Additionally, the BIA's explanation for the regulatory history that reconciles the competing statutory provisions is reasonable and entitled to deference. The regulatory history does not state an alien may file unlimited successive asylum applications after the entry of a final order of removal without filing a motion to reopen. *See id.* at 352.

We defer to the BIA's reasonable interpretation of these statutes.[4] *See Mazariegos*, 241 F.3d at 1327 n.4. Thus, we hold that an alien who has been ordered removed cannot file a successive asylum application, "except as part of a timely and properly filed motion to reopen or one that claims that the late motion is excused because of changed country conditions." *See C-W-L-*, 24 I. & N. Dec. at 354. In doing so, we join seven other circuits in deferring to the BIA's

---

[4] The BIA's holding in *C-W-L-* does not (1) render § 1158(a)(2)(D) meaningless or (2) constitute a substantive change to the regulations, which could have only been accomplished through notice and comment hearings. The BIA's interpretation that §§ 1158(a)(2)(D) and 1229a(c)(7)(C)(i) apply in conjunction with each other to permit a successive application before the entry of a final order of removal or within the 90-day deadline for a motion to reopen is reasonable. Additionally, § 1158(a)(2)(D) is not meaningless as it also applies to an alien who is in removal proceedings, but has not filed an application for asylum until after one year from her arrival in the United States. Further, the BIA's holding is an interpretation and clarification of the interplay of §§ 1158(a)(2)(D) and 1229a(c)(7)(C)(ii), and notice and comment were not necessary.

10

interpretation.  *See Liu v. Att'y Gen. of the U.S.*, 555 F.3d 145, 152 (3d Cir. 2009); *Wei v. Mukasey*, 545 F.3d 1248, 1256 (10th Cir. 2008); *Zhang v. Mukasey*, 543 F.3d 851, 856 (6th Cir. 2008); *Jin v. Mukasey*, 538 F.3d 143, 152 (2d Cir. 2008); *Chen v. Mukasey*, 524 F.3d 1028, 1033-34 (9th Cir. 2008); *Zheng v. Mukasey*, 509 F.3d 869, 872 (8th Cir. 2007); *Chen v. Gonzales*, 498 F.3d 758, 760 (7th Cir. 2007).

## IV.  CONCLUSION

Chen's petition for review is denied.  The BIA did not err in dismissing her appeal from the IJ's order denying her motion to file a successive asylum application based on changed personal circumstances.

**PETITION DENIED.**