[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11280
Non-Argument Calendar

_____

D. C. Docket No. 07-00622-CV-JOF-1

QUANREN LIN,
DWI INDRAWATI,

Plaintiffs-Appellants,

versus

ERIC HOLDER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

_____

No. 08-13612
Non-Argument Calendar
_____

Agency No. A79-343-436

QUANREN LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 9, 2009)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Quanren Lin, a native and citizen of China.  In April 2001, he applied for

asylum, withholding of removal, and relief under the U.N. Convention Against

Torture ("CAT").[1]   After he was interviewed by an asylum officer, the former Immigration and Naturalization Service commenced removal proceedings.  Lin conceded removability, and on May 21, 2003, received an asylum hearing before an Immigration Judge.  At the conclusion of the hearing, the IJ denied the relief Lin requested and ordered him removed to China.  He timely appealed to the Board of Immigration Appeals ("BIA"), and on September 13, 2004, the BIA adopted and affirmed the IJ's decision and thereby dismissed the appeal.

Lin did not petition this court for review.  Instead, on August 24, 2006, he moved the BIA for leave to file a successive asylum application, pursuant to 8 C.R.R. § 208.4, or, alternatively, a motion to reopen, with a new asylum application that identified Ms. Indrawaiti as the derivative beneficiary.  He argued that the alternative motion was actually unnecessary because the BIA was required to consider the new asylum application pursuant to 8 U.S.C. § 1158(a)(2)(D), without the requirement that he file a motion to reopen.

On November 27, 2006, the BIA ruled that Lin's motion to reopen, which, under 8 C.F.R. § 1003.2(c)(2), had to be filed within 90 days of the BIA's decision, was untimely.  It was 18 months late, and Lin had not established an excuse for the untimeliness by presenting evidence of "'changed circumstances' in China."  "[A]

---

[1]  Lin was a derivative beneficiary of the application filed by his wife, DWI Indrawati. She was subsequently ordered removed to Indonesia, and is not a party here.

petitioner must show changed country conditions in order to exceed the 90-day filing requirement for seeking to reopen removal proceedings." The BIA rejected Lin's argument that changed "personal circumstances" could excuse a late filing: changes in "personal circumstances are insufficient cause for reopening."

On December 22, 2006, Lin petitioned this court for review. We remanded the case to the BIA for a more complete explanation of the application of 8 U.S.C. § 1158(a)(2)(D) to an alien subject to a final order of removal. On remand, the BIA phrased Lin's pending motion to reopen thusly:

> The respondent's motion to reopen in the interest of filing a successive application for asylum pursuant to . . . 8 U.S.C. § 1158(a)(2)(D) is based on changed personal circumstance, to-wit, the birth of children in the United States. The respondent . . . contends that he will face persecution in that country for having fathered more than one child.

The BIA rejected the changed personal circumstances as a basis for excusing the untimeliness of Lin's motion to reopen.

> Section [1158(a)(2)(D), on which [Lin] relies for his premise that changes in personal circumstances justify the new asylum application, simply does not apply to a situation where an asylum applicant has already been ordered removed.

Then, addressing Lin's alternative argument that changed country conditions in China would excuse the untimely motion, the BIA held: "[Lin's] motion to reopen is untimely and the late motion is not supported by changed country conditions." Given these holdings, the BIA, on June 11, 2008, denied Lin's motion to reopen.

4

Lin then filed a timely petition for review in this court.

In March 2007, while all of this was going on, Lin petitioned the United States District Court for a writ of mandamus compelling the Attorney General to consider his successive asylum application. In February 2008, the court denied his petition. The court held that whether Lin's petition challenged the final order of removal or made a new request for asylum, exclusive jurisdiction lay in the court of appeals under 8 U.S.C. § 1252. It therefore concluded that it lacked subject matter jurisdiction to entertain Lin's petition for a writ of mandamus. Lin appeals that order. We consolidated the appeal with the petition for review. We first consider the petition for review.

## I.

Our recent decision in <u>Chen v. U.S. Atty. Gen</u>, ___ F.3d ____, 2009 WL 981212 (11th Cir. 2009), informs our disposition of Lin's petition for review. There we held that "an alien who has been ordered removed cannot file a successive asylum application, 'except as part of a timely and properly filed motion to reopen or one that claims that the late motion is excused because of changed country conditions.'" *See C-W-L-*, 24 I. & N. Dec. [346,] 354 [(BIA 2007). Lin's motion to reopen was untimely; thus, he had to demonstrate "changed country conditions" before the BIA could grant him leave to reopen. The BIA held that he failed to establish such conditions.

5

We review "the denial of a motion to reopen removal proceedings for abuse of discretion." Li, 488 F.3d at 1374. The BIA will consider an alien's untimely motion to reopen for the purpose of applying for asylum or withholding of removal if the alien demonstrates changed country conditions based on evidence that is material but was unavailable, and would not have been discovered in time, for presentation the removal hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA held that the evidence Lin presented (whether or not it was available at the time of the removal hearing) was insufficient to establish changed country conditions. He failed to show how the Chinese government is implementing harsher enforcement of its family planning laws on Chinese nationals with more than two children. His claim that the birth of his children in the United States will result in harm if he is returned to China are speculative. And, given our holding in Chen v. U. S. Atty Gen., the changes in his personal circumstances are irrelevant. The BIA did not abuse its discretion in denying Lin's motion to reopen. Lin's petition for review is accordingly denied.

II.

Lin's appeal of the district court's dismissal of his mandamus action for lack of subject matter jurisdiction is meritless. We agree with the district court that it lacked subject matter jurisdiction to entertain Lin's mandamus petition. It requires no citation of authority to hold that the authority to grant a writ of mandamus does

not give the court subject matter jurisdiction over the claim for which the writ is sought. Lin was subject to a final order of removal. By attempting to file a successive asylum application via a writ of mandamus, Lin effectively sought the reopening of the BIA's removal decision and the reconvening of his asylum proceedings. Put another way, his challenge to the district court's order dismissing his mandamus petition is much like a challenge to a BIA decision denying a motion to reopen, a challenge over which this court has exclusive jurisdiction. See INA § 242(a)(5); Patel v. United States, 334 F.3d 1259, 1261(11th Cir. 2003). The district court's order of dismissal is therefore affirmed.

AFFIRMED in No. 08-11280; PETITION DENIED, in No. 08-13612.