[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10145
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2009
THOMAS K. KAHN
CLERK

Agency No. A070-894-772

XING CAI ZHAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 31, 2009)

Before BIRCH,  BARKETT and HULL, Circuit Judges.

PER CURIAM:

Xing Cai Zhao, a native and citizen of China, seeks review of the Board of

Immigration Appeals's ("BIA") order denying his second motion to reopen his removal proceedings. Zhao sought asylum, withholding of removal, and/or protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment based on the forced abortion of his wife[1] in China, which the Immigration Judge ("IJ") denied. The BIA dismissed his appeal. Several years later, Zhao moved to reopen his removal proceedings, asserting that, based on his marriage in the United States to Dan Lin and the birth of their three children as well as changes in China's family planning policy since the time of his original removal hearing, he would likely be subject to forced sterilization upon return to China. The BIA denied his motion and his motion for reconsideration. Zhao did not petition this court for review of either of those decisions.

Zhao then filed a second motion to reopen his removal proceedings asserting the same basis for reopening as he did in his first motion. The BIA denied that motion and Zhao now seeks review in this petition.

"We review the BIA's denial of a motion to reopen for an abuse of discretion." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). Generally, a party may file only one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if

---

[1] Zhao testified that he married Xue-Ying in 1988 in China and that when she became pregnant, the couple attempted to register their marriage, but were denied by the Chinese officials because they were underage.

the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A),(B). A motion to reopen must be filed no later than ninety days after the final administrative decision. See 8 C.F.R. § 1003.2(c)(2). An exception to the ninety day and one motion limits provides that they shall not apply if the motion to reopen "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available . . . at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). We have interpreted § 1229a(c)(7)(C)(ii)"s reference to "the previous proceeding" to mean the removal proceeding the alien seeks to reopen – not the alien's previously-filed motion to reopen. See Li v. U.S. Att'y Gen., 488 F.3d 1371, 1375 (11th Cir. 2007).

In support of his second motion to reopen, Zhao submitted his own affidavit, asserting that he had been married and had three children since his asylum application was denied, a fee waiver request, a copy of his marriage certificate, and birth certificates for his three children. Unlike our recent decisions in Zhang v. U.S. Att'y Gen., ___ F.3d ___, ___, 2009 WL 1856787 (11th Cir. June 30, 2009) and Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1258 (11th Cir. 2009) where we directed the BIA to reopen removal proceedings based on the petitioner's submission of documentary evidence that demonstrated China's one-child policy

3

was being enforced more strictly than before, none of the evidence Zhao submitted with his second motion to reopen shows that forced sterilization had become more common in his hometown. Rather this evidence demonstrates changes in Zhao's personal circumstances only, which is insufficient to support a late-filed motion to reopen based on changed country conditions. See Chen v. U.S. Att'y Gen., 565 F.3d 805, 809-10 (11th Cir. 2009). Had Zhao submitted evidence of changed country conditions with his second motion to reopen, his claim may have found support in our recent decisions in Zhang and Jiang. However, because Zhao failed to present sufficient evidence of changed country conditions in China with his second motion to reopen, the BIA did not abuse its discretion in denying his late-filed motion to reopen.

**PETITION DENIED.**

4