[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2011
JOHN LEY
CLERK

No. 10-13997
Non-Argument Calendar

_____

Agency No. A097-833-137

PAU THAWN-MUNG,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 13, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Pau Thawn-Mung, through counsel, petitions for review of the Board of

Immigration Appeals's ("BIA") denial of his motion to reopen asylum proceedings as untimely, pursuant to INA §§ 240(c)(7)(A) and (C)(i), 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2. Thawn-Mung, a native and citizen of Burma, entered the United States on April 11, 2004, as an alien lacking any form of entry documentation. An Immigration Judge ("IJ") found Thawn-Mung removable as charged, denied his request for asylum, withholding of removal, and United Nations Convention Against Torture and Other Cruel Inhuman or Degrading Treatment or Punishment ("CAT") protection, and the BIA affirmed. In January 2010, Thawn-Mung filed a motion to reopen his asylum proceedings, offering new evidence and arguing that the government had increased its persecution of Christians and the minority ethnic group, the Chin, of which he was a member, and the Burmese authorities continued to search for him in order to persecute him. The BIA denied Thawn-Mung's motion as untimely, concluding that the evidence put forward established changed personal conditions, and there was insufficient evidence of changed conditions.

In his brief, Thawn-Mung argues that the BIA ignored evidence of changed conditions, including the 2007 Saffron Revolution, which warranted the reopening of his removal proceedings. He also argues that he submitted sufficient evidence of worsened conditions, as reflected by a 2008 human rights report and his own

increased political activism in the United States. Lastly, Thawn-Mung contends that the BIA failed to explain why the Saffron Revolution and the government's response did not constitute changed country conditions.

We review the denial of a motion to reopen removal proceedings for an abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). Judicial review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* Motions to reopen are especially disfavored in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (internal quotation omitted).

Ordinarily, an alien who is subject to a final order of removal and wishes to reopen the proceedings may file before an IJ one motion to reopen. INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A). This motion must be filed within 90 days of the date of the final removal order. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). Nevertheless, the time and numerical limits are inapplicable if the alien can demonstrate "changed country conditions arising in the country of nationality or the country to which removal

3

has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i). This Court has held that an alien who has been ordered removed cannot file a successive asylum application, "except as part of a timely and properly filed motion to reopen or one that claims that the late motion is excused because of changed country conditions." *Chen v. U.S. Att'y Gen.*, 565 F.3d 805, 810 (11th Cir. 2009). An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in his personal circumstances. *Zhang*, 572 F.3d at 1319.

The BIA has the discretion to deny a motion to reopen for, among other things, failure to introduce evidence that was material and previously unavailable. *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374-75 (11th Cir. 2007). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009). Although the BIA is not required to discuss every piece of evidence presented, it is required to give reasoned consideration to all the evidence submitted by the petitioner. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1376 (11th Cir. 2006) (reviewing the denial of an application for

withholding of removal).

Thawn-Mung failed to satisfy his heavy burden, because he did not offer any evidence explicitly indicating changed country conditions. The bulk of his submissions tend to show that the restrictions on religion and freedom of speech, as well as persecution against minority groups, like the Chin, has continued, and not escalated, even after the Saffron Revolution, and is similar to the persecution and religious restrictions that Thawn-Mung experienced while living in Burma. Moreover, Thawn-Mung's other submissions show a change in personal conditions, because he only became politically active once ordered removed from the United States. *See Zhang*, 572 F.3d at 1319. Additionally, the BIA gave reasoned consideration to the evidence submitted. *Tan*, 446 F.3d at 1376. Thus, Thawn-Mung did not meet his heavy burden to show that the evidence he submitted reflected changed country conditions, as opposed to changed personal conditions, to excuse his filing of an untimely motion to reopen. 8 C.F.R. § 1003.2(b)(4)(i). Accordingly, the BIA did not abuse its discretion in denying Thawn-Mung's present motion, and we deny his petition for review.

**PETITION DENIED.**