[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15354
Non-Argument Calendar
_____

Agency No. A095-903-412


QIQING YE,
a.k.a. Qi Qing,
a.k.a. Yan Ying Ni,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 20, 2012)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Qiqing Ye, a citizen of China, seeks review of the Board of Immigration Appeals' ("BIA") denial of his second motion to reopen. Ye's second motion was based on his claim that country conditions in China have changed since the Immigration Judge's ("IJ") March 17, 2004 removal order. Ye has two children born in the United States and argued that China officials in Langqi Town, Fuzhou City in Fujian Province have increased enforcement of China's family planning policy. After review, we deny the petition for review.[1]

Generally, an alien may file only one motion to reopen removal proceedings, which must be filed within ninety days of the final order of removal. Immigration and Nationality Act ("INA") § 240(c)(7)(A), (C)(i), 8 U.S.C. § 1229a(c)(7)(A), (C)(i). However, these time and numerical limits do not apply if the movant can show "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Because motions to reopen removal proceedings are especially disfavored,

---

[1]We review the denial of a motion to reopen for abuse of discretion. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). "[R]eview is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id.

2

the movant bears a "heavy burden." Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). To succeed on a motion to reopen, the movant must show that there is new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. See 8 C.F.R. § 1003.2(c)(1); see also Verano-Velasco v. U.S. Att'y Gen., 456 F.3d 1372, 1376 (11th Cir. 2006); Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). Evidence is not new if it was available and could have been presented at the alien's removal hearing. Verano-Velasco, 456 F.3d at 1377. To be material, the evidence must be the kind that, if the proceedings were reopened, would likely change the result in the case. See Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006). The BIA may deny a motion to reopen because the alien failed to submit evidence that was material and previously unavailable. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

Here, Ye does not dispute that his second motion to reopen was untimely and numerically barred. Thus, Ye's motion was due to be denied unless he could show by previously unavailable evidence a material change in country conditions.

We cannot say the BIA abused its discretion in denying Ye's second motion to reopen. Among other reasons, Ye has failed to show a recent increased campaign of forced sterilization in his home country. Rather, for example, the

3

treatment of a Chinese citizen who, like Ye, returns with U.S.-born children remains unclear, with no formal policy established either at the time of his removal hearing or at the time of his second motion to reopen. The U.S. State Department's 1998 China Profile of Asylum Claims and Country Conditions, in the record at the time of Ye's 2004 removal hearing, indicated that there was no national policy regarding the treatment of Chinese citizens returning with foreign-born children, but parents generally faced modest fines. The 2007 China Profile of Asylum Claims and Country Conditions ("2007 Profile"), submitted with Ye's second motion to reopen, indicated that U.S. officials in China were not aware of a policy at either the national or local level that would require sterilization of one spouse of a Chinese citizen couple returning with foreign-born children and that, in 2006, Fujian Province family planning officials stated that children born abroad were not counted if they were not registered as permanent residents on their parents' household registration. Ye submitted several pieces of evidence, including an October 13, 2010 notice from the Langqi Economic District People's Government and a May 6, 2008 inquiry response from the Fujian Province Population and Procreation Planning Committee, indicating that returning "'overseas Chinese'" couples must comply with family planning policies, and that their foreign-born children would count for family planning policy purposes only

4

if they were registered in their parents' residences.

We also reject Ye's claim that the BIA failed to adequately consider all of his evidence. The BIA was not required to analyze each piece of evidence individually, so long as the BIA gave reasoned consideration to Ye's second motion to reopen and made adequate findings, which it did. See Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006). The BIA also did not err in doubting the authenticity of some of Ye's evidence, as the record shows that Ye did not follow the procedures for authenticating documents in 8 C.F.R. § 1287.6(b). Moreover, any alleged error was harmless because the BIA concluded that "even accepting the documents as reliable," Ye failed to show changed country conditions.

Finally, the BIA did not abuse its discretion in considering and then discounting as unpersuasive a 2009 report by Dr. Flora Sapio criticizing the State Department's 2007 Profile. The BIA was entitled to rely on the State Department's report as proof of country conditions. See Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1243 (11th Cir. 2004). In any event, Dr. Sapio's report did not support Ye's claims of increased use of forced sterilization or abortion in Langqi Town or Fujian Province since 2004. In fact, Dr. Sapio conceded in her report that there was no consensus on whether forced sterilizations and abortions

5

were still used to implement China's family planning policy.

In short, Ye's evidence did not show a material change in enforcement of the family planning policy against parents of U.S.-born children in Langqi Town, Fujian Province since his 2004 removal hearing.  Because the BIA did not abuse its discretion in determining that Ye failed to show changed country conditions, we do not address the merits of his claim that he is prima facie eligible for asylum and withholding of removal.  See Chen v. U.S. Att'y Gen., 565 F.3d 805, 810 (11th Cir. 2009) (concluding that an alien cannot file a successive asylum application except as part of a properly filed motion to reopen).

**PETITION DENIED.**