[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11072
Non-Argument Calendar

_____

Agency No. A078-229-163

WEN GUANG PAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 12, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Wen Guang Pan, a citizen of China, petitions for review of the Board of Immigration Appeal's ("BIA") denial of his motion to reopen based on changed country conditions, specifically the Chinese government's more stringent enforcement of its policies against members of the Chinese Democratic Party ("CDP").  On appeal, Pan argues that the BIA (1) did not adequately explain why there was insufficient evidence to show changed country conditions, and (2) did not consider all of the evidence that Pan submitted.  Pan also asserts that he can show that he is prima facie eligible for asylum, withholding of removal, and relief under the CAT.

We review the denial of a motion to reopen for an abuse of discretion.  Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).  Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  Id.

A motion to reopen removal proceedings "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  8 U.S.C. § 1229a(c)(7)(B).  A "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions.  Id. § 1229a(c)(7)(C)(i).  One such

exception is where the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); see 8 U.S.C. § 1229a(c)(7)(C)(ii). However, a change in personal circumstances does not authorize the untimely filing of a motion to reopen. See Jiang, 568 F.3d at 1258 ("[C]hanged personal circumstances do not meet the standard for a petition to reopen . . . .").

We have held that, at a minimum, the BIA may deny a motion to reopen on the following three independent grounds: (1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; or (3) a determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief. Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

In this case, the BIA did not abuse its discretion by denying Pan's motion to reopen. Pan failed to establish that conditions in China have changed since his 2008 hearing. In 2005, the Country Report for China stated that the Chinese government "continued to surveil, detain, and imprison current and former CDP members." [Record at 659]. The 2005 report also noted that "[d]ozens of CDP

3

leaders, activists, and members have been arrested, detained, or confined, including over 40 CDP leaders imprisoned for subversion." [Record at 667]. The 2009 Country Report noted that the "CDP remained banned and the government continued to monitor, detain, and imprison current and former CDP members." [Record at 119]. In other words, the Country Reports show that conditions have not materially changed for CDP members since at least 2005.

In his affidavit, Mr. Tang, the Eastern U.S. CDP Headquarters Chairman, made the conclusory statement that, since 2005, conditions for political dissidents have gotten worse. However, Tang provided no details whatsoever to support his conclusion, and indeed his affidavit reflected that CDP members have faced arrest since at least 1998. While Pan's wife's affidavit and the list of political prisoners arguably reflect conditions in China at the time Pan filed his motion to reopen, they do not indicate how conditions have actually changed since the BIA's prior decision. Because Pan failed to demonstrate materially changed country conditions, the BIA did not err in denying his motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C).

Pan also argues that the BIA erred by failing to consider all of the evidence submitted. The BIA is not required to discuss in its opinion every piece of evidence presented. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006).

4

Rather, the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."  See id. (quotations omitted).

Here, the record shows that the BIA expressly considered the evidence Pan submitted, including the 2005 and 2009 Country Reports, Pan's wife's affidavit, Tang's affidavit, and the list of political prisoners.  The BIA determined, and adequately explained, why this evidence did not establish changed country conditions in China.[1]

Our precedent forecloses Pan's argument that he may file a successive asylum application based on changed personal circumstances without also establishing changed country conditions.  See Chen v. U.S. Att'y Gen., 565 F.3d 805, 810 (11th Cir. 2009) ("[A]n alien who has been ordered removed cannot file a successive asylum application, except as part of a timely and properly filed motion to reopen or one that claims that the late motion is excused because of changed country conditions.").

PETITION DENIED.

---

[1]    Because the BIA did not abuse its discretion in determining that Pan failed to show changed country conditions, we need not address his claims that he would be prima facie eligible for asylum, withholding of removal, and CAT relief.