[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-10537
Non-Argument Calendar
_____

Agency No. A200-849-634

MARCOS ARAUJO,
FERNANDA GOMES ARAUJO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 28, 2020)

Before WILSON, JILL PRYOR and BRASHER, Circuit Judges.

PER CURIAM:

Marcos and Fernanda Araujo ("the Araujos") appeal the order of the Board

of Immigration Appeals ("BIA") denying their motion to reopen proceedings and

to reconsider the agency's July 10, 2013 denial of their application for cancellation of removal.  The government has moved for summary denial in part, to dismiss for lack of jurisdiction in part, and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review the BIA's denial of a motion for reconsideration and the denial of a motion to reopen for abuse of discretion.  *Jiang v. U.S. Atty Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009); *Assa'ad v. U.S. Atty Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003).  Our review is limited to determining whether the BIA exercised its discretion in an "arbitrary or capricious" manner.  *Ali v. U.S. Atty Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).  "The moving party bears a heavy burden as motions to reopen are disfavored, especially in removal proceedings."  *Zhang v. U.S. Atty Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (internal citations omitted).  We lack jurisdiction to review the BIA's decision denying *sua sponte* reopening unless the denial gives rise to a colorable constitutional claim.  *Bing Quan Lin v. U.S. Atty Gen.*, 881 F.3d 860, 871 (11th Cir. 2018).

2

A noncitizen may file only one motion to reopen and one motion to reconsider. INA §§ 240(c)(7)(A), (c)(6)(A); 8 U.S.C. §§ 1229a(c)(7)(A), (c)(6)(A). A motion to reconsider must be filed within 30 days of a final administrative order of removal. INA § 240(c)(6)(B); 8 U.S.C. § 1229a(c)(6)(B). A motion to reopen must be filed within 90 days of a final administrative order of removal. INA § 240(c)(7)(C)(i); 8 U.S.C. § 1229a(c)(7)(C)(i). The time and number limits on motions to reopen do not apply if the basis of the motion is to apply or reapply for asylum or withholding of removal "based on changed country conditions arising in the country of nationality . . . , if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii). "An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in [his or her] personal circumstances." *Chen v. U.S. Atty. Gen.*, 565 F.3d 805, 809-10 (11th Cir. 2009).

First, there is no substantial question that the BIA did not abuse its discretion in denying the Araujos' motion to reopen and for reconsideration as number-barred and time-barred. The Araujos do not dispute, and the record clearly establishes, that they have filed more than one motion to reopen and motion for reconsideration, which is not permitted. *See* INA §§ 240(c)(7)(A), (c)(6)(A); 8 U.S.C. §§ 1229a(c)(7)(A), (c)(6)(A). Further, it is clear that the Araujos untimely

filed their motion as the BIA issued its merits decision on July 10, 2013 and the Araujos filed the instant motion on October 1, 2018—well after both the 90-day and 30-day deadlines. Therefore, the BIA did not abuse its discretion in denying the Araujos motion as number-barred and time-barred. The Araujos argue that the time and number limits do not apply because the basis of their motion was the changed country conditions in Brazil and that the BIA refused to consider the changed conditions. However, the BIA fully addressed this issue, in its denial of the instant petition and the denial of the Araujos' fifth motion to reopen, and did not abuse its discretion in finding that the country conditions did not meet the statutory requirement because the evidence of the lower standard of living, recession, unemployment, and lack of educational opportunities was not material.

Second, we lack jurisdiction to consider whether the BIA erred in declining to use its authority to *sua sponte* reopen the Araujos' removal proceeding. *See Bing Quan Lin*, 881 F.3d at 871. Although the Araujos raised due process claims, in both their motion before the BIA and their appeal, they failed to support those claims with sufficient detail or argument to raise a "colorable constitutional claim." *See id.* Further, we have already held that we lack jurisdiction to consider the BIA's decision declining to use its *sua sponte* authority to reopen the Araujos' case because the Araujos failed to raise colorable constitutional claims. *See Araujo v. U.S. Atty. Gen.* ("*Araujo I*"), No. 13-15489, slip op. at 5 (11th Cir. Aug. 19, 2014);

4

*Araujo v. U.S. Atty. Gen.* ("*Araujo II*"), No. 15-10910, slip op. at 5 (11th Cir. Sept. 24, 2015); *Araujo v. U.S. Atty. Gen.* ("*Araujo III*"), No. 16-10562, slip op. at 2 (11th Cir. Jan. 9, 2017); *Araujo v. U.S. Atty. Gen.*, ("*Araujo IV*"), 730 F. App'x. 855, 858 (11th Cir. 2018); *Araujo v. U.S. Atty. Gen.*, ("*Araujo V*"), 756 F. App'x. 865, 868 (11th Cir. 2018).

Therefore, because there is no substantial question that the Araujos' motion is time- and number-barred and because we lack jurisdiction to consider whether the BIA erred in declining to exercise its *sua sponte* authority to reopen the case, we GRANT the government's motion for summary denial in part and the government's motion to dismiss for lack of jurisdiction in part, and we DENY as moot the government's motion to stay the briefing schedule. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.