[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11040

Non-Argument Calendar

_____

DANIEL FERNANDEZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A074-692-058

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Daniel Fernandez, a native and citizen of Cuba, seeks review of the order of the Board of Immigration Appeals (BIA) denying his second motion to reopen his removal order based on materially changed country conditions. Fernandez contends the BIA erred in finding he failed to provide evidence of a material change in circumstances in Cuba, and instead presented evidence of a change in personal circumstances. After review,[1] we deny the petition.

An alien generally may file one motion to reopen proceedings within 90 days of the date of an order of removal and must state the new facts that will be proven at a hearing to be held if the motion is granted and be supported by affidavits or other evidentiary material. 8 U.S.C. § 1229a(c)(7)(A)–(C)(i). However, there is no time limit on the filing of a motion to reopen to apply for asylum or withholding of removal based on "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the

---

[1] We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion, under which we will only determine whether the BIA exercised its discretion arbitrarily or capriciously. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).

previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). While an alien is generally limited to filing only one motion to reopen removal proceedings, the numerical limitation does not apply to a motion to reopen to apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing. 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).

The BIA did not abuse its discretion in denying Fernandez's second motion to reopen. First, the BIA correctly concluded Fernandez's second motion to reopen his removal proceedings was time and number barred. Fernandez filed the second motion to reopen approximately 15 years after his final order of removal, well beyond the 90-day limit, and had previously filed a motion to reopen his removal proceedings in 2010. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).

Moreover, the BIA did not err in concluding Fernandez failed to establish a material change in circumstances in Cuba. Specifically, Fernandez failed to provide evidence of the country conditions in Cuba at the time of his merits hearing in 2005, or at any point in the intervening 15 years, to demonstrate a material change in circumstances. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the

evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.")  While Fernandez in his second motion to reopen provided the State Department's 2018 Human Rights Report for Cuba, which detailed repression of political dissidents, the report did not indicate whether repression had increased in severity or was constant in comparison to any previous period.  *Id.* at 257 ("A new report or a new law is not evidence of changed conditions without convincing evidence the prior version of the law was different, or was differently enforced, in some relevant and material way.").  Thus, the BIA did not abuse its discretion in requiring Fernandez to provide evidence of a change in circumstances in Cuba between the date of Fernandez's merits hearing and motion to reopen, as it followed its own precedent in *Matter of S-Y-G-*.  *See Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013) ("The BIA abuses its discretion when it misapplies the law in reaching its decision" or when it fails to follow "its own precedents without providing a reasoned explanation for doing so.").

While Fernandez contends the Decree Law and related news articles demonstrated a material change in circumstances and the BIA mischaracterized the Decree Law as having been passed in 1976, the translation of the law appeared to indicate it had been implemented in 1976.  Even if the Decree Law is understood to have been passed in 2012, the text of the law does not indicate whether the provision stating that a Cuban national who leaves the country for two or more years is considered to have emigrated was

21-11040                Opinion of the Court                5

a change from the original 1976 law or a subsequent version of the law. *See Matter of S-Y-G-*, 24 I. & N. Dec. at 257. Moreover, the related news articles did not specify that the treatment of Cuban deportees from the United States had changed since 2012. Thus, Fernandez failed to provide evidence of a change in country conditions that showed more than a continuation or incremental change in country conditions. *Id.* ("Change that is incremental or incidental does not meet the regulatory requirements for late motions [to reopen]".).

Additionally, Fernandez's involvement in supporting Cuban political dissidents in the United States constituted a change in personal circumstances, rather than a material change in circumstances in Cuba. *See Chen v. U.S. Att'y Gen.*, 565 F.3d 805, 809–10 (11th Cir. 2009) (stating an alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in his personal circumstances). We held the petitioner's birth of her two children constituted a change in circumstances in China, rather than primarily a change in personal circumstances, when she provided evidence of an increased local enforcement of China's one-child policy through increased forced sterilization. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1320 (11th Cir. 2009). By contrast, we held a petitioner, who had testified against a Jamaican gang kingpin that had been in power since at least the 1990s, only demonstrated a change in personal circumstances "because he testified, not because Jamaica became more hostile to informants

6                    Opinion of the Court                    21-11040

between 2009 and 2019." *Blake v. U.S. Att'y Gen.*, 945 F.3d 1175, 1179 (11th Cir. 2019).

Like *Blake*, Fernandez's involvement in Jose Queipo's organization helping Cuban dissidents fleeing to the United States was a change in personal circumstances because he was at risk for supporting Cuban political dissidents, not because Cuba became more hostile to supporters of political dissidents. *Id.* And unlike *Zhang*, Fernandez did not provide evidence of an accompanying change in Cuba's repressive practices against political dissidents and their supporters. *Zhang*, 572 F.3d at 1320. Fernandez's involvement in supporting Cuban political dissidents did not represent a material change in circumstances in Cuba but a change in personal circumstances. *Chen*, 565 F.3d at 809-10. Accordingly, the BIA did not abuse its discretion in denying Fernandez's second motion to reopen.

**PETITION DENIED.**