**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2018[*]
Decided February 14, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1909

| | |
|---|---|
| ZHONG LI, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A087-998-980 |
| | |
| JEFFERSON B. SESSIONS III, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Zhong Li, a Chinese citizen, seeks review of an order of the Board of Immigration Appeals denying his motion to reopen his removal proceedings. Because the Board did not abuse its discretion in denying the motion, we deny the petition for review.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

Li entered the United States without authorization in 2010; almost immediately immigration officials apprehended him and placed him in removal proceedings. He conceded his inadmissibility but applied for asylum, withholding of removal under the Immigration and Nationality Act, and withholding of removal under the Convention Against Torture, all based on his alleged fear of religious persecution in China. Li alleged that he fled China after government officials detained him because of his membership in an underground Christian church. In 2013, an immigration judge found Li not credible—based on inconsistencies in his testimony and a lack of corroborating evidence—and denied him all relief. The Board upheld the IJ's decision, and we denied Li's petition for review, *Li v. Lynch*, 626 F. App'x 649 (7th Cir. 2015).

More than a year later, Li moved the Board to reopen his removal proceedings, raising a new contention. He alleged a fear of persecution based on his newfound practice of Falun Gong, a spiritual movement that the Chinese government considers a cult. Li explained that he started to practice Falun Gong in April 2015, while in the United States and during his appeal to the Board. He had been suffering from stress, he said, and this practice allegedly cured his neurosis, so he sent two Falun Gong DVDs to his father in China. When the Falun Gong practice also cured his father's sciatica, Li encouraged his father to distribute copies of the DVDs to friends and family. These activities brought Li's father to the attention of Chinese authorities, who detained him for twenty days. The police told Li's father that Li must stop sending "cult material" to China and that Li must report to them when he returns. Li attached to his motion an unsworn statement, purportedly written by his father, that vaguely described his father's detention. He also attached a handwritten document that his father allegedly received upon his release from detention; the document reflected that Li's father was detained for "distributing cult materials" and was "released after being educated." Li also submitted various country reports stating that human rights conditions in China have deteriorated since Xi Jinping became president in 2013.

The Board denied Li's motion to reopen. It reasoned that the request came long after the expiration of the 90-day filing deadline and that Li had not established changed country conditions to excuse his untimeliness. See 8 C.F.R. § 1003.2(c)(2)–(3). We review the Board's denial of a motion to reopen for abuse of discretion, upholding the Board's decision unless it was made without a rational explanation or rested on an impermissible basis. See *Aparicio-Brito v. Lynch*, 824 F.3d 674, 688 (7th Cir. 2016).

We find no abuse of discretion in the Board's decision. Li's motion to reopen rests mostly on his newfound interest in Falun Gong, but a mere change in *personal* circumstances cannot by itself excuse the motion's untimeliness. See *Zheng v. Holder*, 701 F.3d 237, 240–41 (7th Cir. 2012); *Chen v. Gonzales*, 498 F.3d 758, 760 (7th Cir. 2007).

What's more, putting to the side the personal nature of Li's new circumstances, we deny the petition for another reason: the Board had a sound basis for rejecting Li's contention that conditions for Falun Gong practitioners in China have deteriorated materially since his hearing before the IJ in 2013. The Chinese government first banned the Falun Gong movement almost two decades ago. See, e.g., *Liu v. Ashcroft*, 380 F.3d 307, 309 (7th Cir. 2004) (involving asylum claim brought by Falun Gong practitioner). Neither Li's father's vague account of being detained on one occasion nor the country reports Li submitted show with the required specificity that the Chinese government has stepped up its persecution of Falun Gong practitioners in recent years. See *Zheng v. Holder*, 710 F.3d 769, 772 (7th Cir. 2013) (concluding that evidence showing "deterioration" of religious protections in China lacks specificity required to show material change in country conditions); *Moosa v. Holder*, 644 F.3d 380, 387 (7th Cir. 2011). Indeed, one of those reports estimates that persecution of religious minorities— including practitioners of Falun Gong—*decreased* between 2012 and 2014.

Accordingly, we DENY the petition for review.